**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:21-CR-00054-MAC** |
| | § | |
| | § | |
| **MICAH CHARLES HANNA** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed December 2, 2025, alleging that the Defendant, Micah Charles Hanna, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Micah Charles Hanna was sentenced on February 15, 2022, before The Honorable Thad Heartfield, of the Eastern District of Texas, after pleading guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of IV, was 37 to 46 months. Micah Charles Hanna was subsequently sentenced to 42 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse and mental health treatment; and a $100 special assessment.

## II.  The Period of Supervision

On June 18, 2024, Micah Charles Hanna completed his period of imprisonment and began service of the supervision term.  On August 23, 2024, jurisdiction in this case was transferred to the Southern District of Texas and assigned to U.S. District Judge Alfred Bennett.

On February 27, 2025, Hanna's term of supervised release was revoked, and he was sentenced to 3 months imprisonment less credit for 2 months, for a total of 1 month imprisonment, followed by a 1-year term of supervised release. On March 26, 2025, Hanna completed his period of imprisonment and began service of the new supervision term.

On December 1, 2025, jurisdiction in this case was transferred back to the Eastern District of Texas and assigned to U.S. District Judge Marcia A. Crone.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising two allegations.  The petition alleges that Micah Charles Hanna violated the following conditions of release:

Allegation 1. You must refrain from any unlawful use of a controlled substance.

Allegation 2.  You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

## IV.  Proceedings

On February 17, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the second allegation that claimed he failed to report for random drug testing as required. In return, the parties agreed that he should serve a term of 8 months' imprisonment with no supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to report for random drug testing as required, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

-3-

assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the policy statement imprisonment range is 6 to 12 months.

U.S.S.G. § 7C1.5, Application note 2, states that upon a finding that a defendant violated a condition of supervised release by being in possession of a controlled substance or firearm or by refusing to comply with a condition requiring drug testing, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment pursuant to 18 U.S.C. § 3583(g).

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

U.S.S.G. § 7C1.3(b) indicates upon a finding of a violation for which revocation is required by statute (18 U.S.C. § 3583(g)), the court shall revoke supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6.  The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to report for random drug testing as required.    Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e).    The Defendant's violation is a Grade C violation, and the criminal history category is IV.    The policy statement range in the Guidelines Manual is 6 to 12 months.    The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 8 months with no supervised release to follow. The court finds that a term of 8 months combined with his prior time served on supervised release properly addresses the nature of his violation without an additional term of supervision.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to report for random drug testing as required. The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 8 months' imprisonment with no supervised release to follow.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived her right to be present and speak and have her counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 17th day of February, 2026.**


_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE